# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Tiffany Meadows, | ) |
| | ) Civil Action No.: 3:11-cv-00290-JMC |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Michael J. Astrue, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 31], filed on June 25, 2012, addressing Plaintiff's claim for Social Security Disability Insurance Benefits ("DIB"). The Commissioner of the Social Security Administration ("Commissioner") denied Plaintiff's claim for DIB. The Magistrate Judge concluded that the Commissioner's decision was not supported by substantial evidence as required pursuant to sentence four of 42 U.S.C. § 405(g). Specifically, the Magistrate Judge found that the Administrative Law Judge ("ALJ") did not adequately evaluate Plaintiff's credibility, did not adequately evaluate lay witness statements, and did not give sufficient reasons for discounting two of Plaintiff's treating physicians' opinions. For these reasons, the Magistrate Judge recommends that this action be reversed and remanded to the Commissioner to adequately evaluate Plaintiff's credibility, to consider the opinions of her treating physicians in light of all of the evidence and applicable law, and to consider Plaintiff's remaining allegations of error. The Report sets for the relevant facts and legal standards, which this court incorporates herein without a recitation.

1

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Commissioner timely filed objections to the Magistrate Judge's Report on July 12, 2012, requesting that the court affirm the Commissioner's final decision [Dkt. No. 32]. The Commissioner first contends that the ALJ conducted a proper analysis of Plaintiff's credibility citing inconsistencies between Plaintiff's complaints of pain and the lack of objective medical evidence for her pain as well as specific instances of Plaintiff engaging in activities that tend to negate her reports of debilitating pain. The Commissioner further contends that the ALJ's failure to provide a specific finding regarding Plaintiff's corroborating lay witnesses did not constitute harmful error for Plaintiff, but argues that such testimony was merely duplicative of Plaintiff's subjective complaints. Finally, the Commissioner contends that the ALJ properly rejected the opinion of two treating physicians on the grounds that the physicians' findings were conclusory and unsupported by substantial evidence. Therefore, the Commissioner asserts that there is substantial evidence to support his final decision, and he urges the court to affirm.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides "[T]he findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Upon consideration of Commissioner's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including his evaluation of the medical evidence, in reaching the conclusion that the matter should be remanded to the Commissioner.

## DISCUSSION

Plaintiff applied for DIB in February 2007 alleging disability as a result of chronic pain, sickle cell disease ("SCD"), and depression. A hearing before an ALJ was held in April 2009. On August 28, 2009, the ALJ issued a decision denying disability benefits, finding that Plaintiff was able to perform her past relevant work as a food service worker.

From 2006 to 2009, Plaintiff saw five doctors for chronic leg and back pain and SCD. While the treating physicians could find no objective evidence for Plaintiff's chronic pain in her legs and back, Plaintiff's physicians verified the existence of SCD. None of the physicians ruled out SCD as a potential cause for the chronic debilitating pain, though some of the physicians expressed doubt that SCD was the cause.

The United States Court of Appeals for the Fourth Circuit has recognized the "insidious" characteristics of SCD, which can produce pain without producing objective evidence of major damage frequently sought by clinicians and courts. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). In *Hines*, the Fourth Circuit determined that the plaintiff, having shown that he suffered from SCD and that SCD causes the type of pain complained of, could thereafter "rely exclusively on subjective evidence to prove the second part of the test, i.e. that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day." *Id.* at 565. The court in *Hines* considered the plaintiff's own testimony about the extent of his pain and its effect on his ability to function as well as testimony from the plaintiff's friend about the plaintiff's reduced energy level as a result of such pain. *Id.*

In this case, Plaintiff claims, and the Magistrate Judge agrees, that the ALJ improperly rejected the opinion of one treating physician and did not discuss the opinion of a second treating physician. While neither physician found an objective source of pain, both nevertheless determined that SCD was present and that Plaintiff was disabled as a result of her pain. The Magistrate Judge found that the ALJ's decision to discount the opinion of these two doctors based on the lack of objective evidence of pain was improper given the presence of SCD and in

light of the Fourth Circuit's decision in *Hines*. In accordance with the Magistrate Judge's Report, the court remands the case to the Commissioner for a more thorough consideration of the opinions of these two physicians in relation to the other medical evidence and in accordance with the Fourth Circuit's decision in *Hines*.

Plaintiff further alleges that the ALJ erred in making his credibility determination. The Magistrate Judge was unable to determine exactly why the ALJ discounted Plaintiff's credibility, but finds the ALJ may have impermissibly relied on the lack of objective medical evidence supporting Plaintiff's claims. As stated above, the lack of objective medical evidence is not outcome determinative in cases where an underlying condition such as SCD can reasonably be expected to cause the pain alleged. In accordance with Magistrate Judge's Report, the court remands the case to the Commissioner for a clearer articulation of the reasons underlying the ALJ's credibility determination.

Finally, Plaintiff alleges error in the ALJ's failure to discuss the lay evidence testimony from Plaintiff's friends, family, and co-workers. The Commissioner claims that the lay witness testimony was considered even if not specifically discussed but that the evidence was considered merely duplicative of Plaintiff's own testimony. The Magistrate Judge determined the testimony of Plaintiff's co-workers to be specifically relevant to a disability determination and that such testimony was not simply mimicking Plaintiff's own statements. In accordance with the Magistrate Judge's Report, the court remands the case to the Commissioner to explicitly consider lay witness testimony.

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 31] incorporating it by reference, **REVERSES**

the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g), and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision and the Magistrate Judge's Report.

    **IT IS SO ORDERED**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
August 30, 2012