**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Tiffany Meadows, | ) | |
| | ) | Civil Action No.: 3:11-cv-00290-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a Joint Motion and Stipulation [Dkt. No. 40] for Payment of Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

The court accepts the parties' stipulation that Defendant will pay $7,000.00 in attorney's fees to the order of Plaintiff and that such payment shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. The court further accepts the stipulation that this payment is without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to EAJA's offset provisions. *See* 28 U.S.C. §§ 2412(c)(1), 2414.

However, the court cannot accept the remainder of the parties' stipulation. The parties propose that

> [i]f, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining

> EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Joint Motion and Stipulation [Dkt. No. 40 at 1-2]. The United States Supreme Court was clear in *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526-27 (2010) that an award of attorney's fees must be paid to the litigant not the litigant's attorney. While the Court found that attorney's fees awarded under the EAJA are subject to an offset to satisfy a litigant's pre-existing debt to the United States Government, the Court did not base its decision on the importance of insuring that the debt owed to the Government was satisfied first. Instead, the Court based its decision on the unambiguous language of the EAJA, which the Court held clearly intended for the award to be paid to the "prevailing party," a term of art referring to the prevailing litigant and not the prevailing attorney. *Id.* at 2525. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, the stipulation's consideration of the potential pre-existing debt owed by Plaintiff and the concessions made by Plaintiff's attorney to insure that that debt be paid first does not obviate the requirement that the award be paid to Plaintiff.

*Ratliff* did not address whether claimants may assign EAJA fees to their attorneys through a contract, as has been done in this case. However, courts in this district have expressed a concern that such contracts "constitute an end-run around the plain text of the EAJA" as interpreted by *Ratliff*. *Phillips v. Astrue*, CA 1:10-936-TLW, 2011 WL 5041751 (D.S.C. Oct. 21, 2011); *see also Brinkley v. Astrue*, CA 3:08-3427-GRA, 2010 WL 3192909 (D.S.C. Aug. 11, 2010); *Tate v. Astrue*, CA 3:09-3246-CMC-JRM, 2010 WL 4860356 (D.S.C. Nov. 23, 2010). The instant stipulation would accomplish a similar end run around the Supreme Court's holding in *Ratliff*.

Therefore, the court does not accept the stipulation that the fee be made payable

to Plaintiff's attorney.  Furthermore, the court cannot accept the alternate stipulation that the check be made payable to Plaintiff but delivered to Plaintiff's attorney.  The attorney's fee agreement gives him the power to sign over to himself any check for awards made payable to Plaintiff.  *See* Fee Agreement [Dkt. 39-2].  As a result, a check made payable to Plaintiff but sent directly to Plaintiff's attorney would effectively be a payment directly to Plaintiff's attorney.  Such a result would be contrary to the Supreme Court's holding in *Ratliff*.

Therefore, the court orders Defendant to pay Plaintiff the stipulated amount of $7,000.00 in attorney's fees.  The check should be payable to the order of the Plaintiff and mailed directly to Plaintiff, but notice of the payment and mailing should also be provided to Plaintiff's attorney.

**IT IS SO ORDERED**

*J. Michelle Childs*

United States District Judge

December 21, 2012
Greenville, South Carolina